## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01201-JDE | Date | September 4, 2025 |
|---|---|---|---|
| Title | Angela Aguilar v. All About Pho LLC | | |

Present: The Honorable    Dolly M. Gee, Chief United States District Judge

| Derek Davis | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**    (In Chambers) Order of Dismissal for Failure to Timely Service Process, Failure to Prosecute, and Failure to Comply with a Court Order **[JS-6]**

Angela Aguilar ("Plaintiff") filed the Complaint in this action against a single named defendant on June 3, 2025.   [Doc. # 1.]   The case was assigned to a magistrate judge under the Direct Assignment of Civil Cases to Magistrate Judges Program for the United States District Court for the Central District of California ("Program").   [Doc. # 5.]   Per Local Civil Rule ("L.R.") 73-2.1, for cases assigned to a U.S. Magistrate Judge under the Program, the plaintiff (or defendant in a case removed to this Court by such defendant) must serve the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent form [Doc. # 5, "Notice of Assignment"] entered on the docket on each adverse party at the time of service of the summons and complaint, notice of removal, or other case initiating document.

On June 6, 2025, the assigned magistrate judge advised Plaintiff:

This case has been assigned to a magistrate judge under the Direct Assignment of Civil Cases to Magistrate Judges Program. Per Local Civil Rule 73-2.1, Plaintiff(s) is/are directed to serve, forthwith, the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent form . . . upon each defendant at the time of service of process, and, within three (3) days of such service, file proof(s) of such service, including service of the Notice [of Assignment].

[Doc. # 7 ("Advisement").]

Separately, Rule 4(c) of the Federal Rules of Civil Procedure provides, in part, that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."   Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   Fed. R. Civ. P. 4(m).   If a plaintiff shows good cause for the failure to serve, however, the court must extend the time for service for an appropriate period.   Id.   Further, unless service is waived, proof(s) of service must be provided to the Court.   Fed. R. Civ. P. 4(l).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01201-JDE | Date | September 4, 2025 |
|---|---|---|---|
| Title | Angela Aguilar v. All About Pho LLC | | |

On August 25, 2025, the assigned magistrate judge issued an order directed to Plaintiff that provided, in relevant part, as follows.

> As noted, Plaintiff filed the action on <u>June 3, 2025</u>. More than <u>80 days</u> have passed since the filing of the Complaint and no proof of service reflecting proper service on at least one of the Defendant(s) has been filed as of the date of this Order. Plaintiff is advised that, absent an intervening order extending the time for service based on a showing of good cause or the filing of proper proof(s) of service reflecting proper service of process upon each Defendant within 90 days from the filing of the Complaint, the action is subject to dismissal without further notice as to any such Defendant not properly and timely served under Rule 4(m). Plaintiff is further reminded of Plaintiff's obligation to serve the Notice of Assignment (Dkt. 5) with the Summons and Complaint upon all Defendants and to file proof of such service as well within three days of service.

> As a result, Plaintiff is ORDERED to comply with Rule 4(m), Local Rule 73-2.1, and the Advisement, and file a compliant proof of service reflecting proper service of process and service of the Notice of Assignment (Dkt. 5) upon all Defendants, or show good cause, in writing, why additional time is necessary for such service, within 90 days from the filing of the Complaint, that is, <u>by September 2, 2025.</u> Failure to comply with this order may result in the sua sponte dismissal of any Defendant not timely served without further notice from the Court. Plaintiff may comply with this Order by filing a Notice of Voluntary Dismissal of the Action or of any unserved Defendant(s) by the deadline set forth above.

[Doc. # 8 ("OSC").]

Despite being advised that failing to do so may result in dismissal of the action without further notice, Plaintiff did not, by September 2, 2025, (1) file a proof of service as to any defendant; (2) file a response to the OSC seeking an extension of the Rule 4(m) deadline based upon a showing of good cause; or (3) otherwise seek additional time in which to respond.

As noted, Rule 4(m) requires dismissal of any defendant not served within 90 days of the filing of the Complaint, absent a showing of good cause by Plaintiff to extend that deadline—a showing Plaintiff has not made.   Further, in <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute:   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-01201-JDE | Date | September 4, 2025 |
|---|---|---|---|
| Title | Angela Aguilar v. All About Pho LLC | | |

sanctions."   Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

        Here, factors one and two, the public's interest in expeditious resolution of litigation and the court's interest in managing its docket, militate in favor of dismissal for Plaintiff's failure to prosecute this action and failure to comply with a Court order.   As for the third factor, the risk of prejudice to Defendant exists as Defendant, having not been served, has not been provided notice of the action or been given an opportunity to defend itself against Plaintiff's claims by, among other things, gathering evidence and taking discovery before witnesses' memories fade or witnesses become unavailable.   Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal based solely on the failure to prosecute, but any dismissal here would be without prejudice.   Lastly, the fifth factor, the availability of less drastic sanctions, counsels in favor of dismissal where, as here, Plaintiff was cautioned that failure to comply with the OSC could result in dismissal of the action without further order, yet Plaintiff ignored the OSC.   Four of the five Carey factors strongly favor dismissal.   Balancing all of the factors here, and considering the cautionary language in the OSC and the time that has passed without action by Plaintiff to prosecute this action as to Defendant(s), dismissal without prejudice is warranted for Plaintiff's failure to prosecute and failure to comply with a Court order under Rule 41(b) of the Federal Rules of Civil Procedure.

        Per Paragraph 5 of General Order 25-04, if, before the deadline for all parties to consent has run, a magistrate judge has issued an order to show cause why the case should not be dismissed and the time for response to such order has expired, "the determination of whether the case should be dismissed . . . shall be made by the Chief District Judge or, in his or her discretion, be randomly assigned to another District Judge for resolution."

        For the foregoing reasons, dismissal is warranted for Plaintiff's failure to:   (1) timely serve any defendant within 90 days of filing the Complaint under Rule 4(m), having been provided an opportunity to show good cause to extend that deadline and warned that the action would be dismissed if no proof of service or showing of good cause was filed by September 2, 2025; and (2) prosecute and comply with a Court order under Rule 41(b).

        As a result, this action is DISMISSED without prejudice [JS-6].

IT IS SO ORDERED.

| | |
|---|---|
| Initials of Courtroom Deputy | DD |